UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA          DOCKET NO. 09-CR-1086( DAB)

        -v-

ZOMARA WILSON,

   Defendant.

_____

_____

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ZOMARA WILSON'S PRETRIAL MOTIONS

_____

> Donna R. Newman
> Attorney for Defendant
> ZOMARA WILSON
> 111 Broadway, Suite 1805
> New York, New York 10006
> (212)229-1516
> donnanewmanlaw@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 09-CR-1086(DAB) |
| v. | MEMORANDUM OF LAW IN ZOMARA WILSON'S PRETRIAL MOTIONS |
| ZOMARA WILSON | |
| Defendant. | |

---

**PRELIMINARY STATEMENT**

The defendant is charged in a one count Indictment with violating 20 U.S.C. § 1097(a). *See* Donna R. Newman, Esq. Affirmation ("Newman Aff.") Exhibit A. The Indictment is bare bones, tracking verbatim the language of the statute and little else. It alleges that Ms. Wilson through use of fraud, false statements, forgery, obtained and/or attempted to obtain, embezzle, misapply and steal an amount exceeding $200 in federal financial aid monies. It also alleges that Ms. Wilson failed to refund said monies. *Id.*

The Complaint in this matter provides limited insight into the factual predicate for these charges. *See* Newman Aff. Exhibit B. The Complaint alleges that Zomara Wilson for the period of September 2005 through January 2009, was employed as an Admission Representative at Anthem Manhattan, which is part of Anthem Institute which is an affiliate of Anthem Education Group. Anthem Manhattan ("Anthem"),

1

during the time period alleged, was an accredited educational institution. Accordingly, its students were eligible to apply for and receive federal financial aid as provided for by Title 20, United States Code, Chapter 28, Subchapter IV. See, Complaint ¶¶ 1-5. To enroll at Anthem the student must have earned a high school diploma, a GED certificate or have passed a designated Ability to Benefit exam, such as the Career Program Assessment Test ("ACT"). *Id.*

The Complaint states that in twelve student files in which Zomara Wilson was the Admission Representative, Anthem during an internal audit, found either fraudulent GED certificates or fraudulent high school diplomas. See, Complaint ¶¶ 8-14. According to Anthony Mangarella, a Special Agent with the United States Department of Education ("DOE"), Office of the Inspector General, Ms. Wilson during her admission interviews with at least five students, advised these students not to worry about their lack of a GED, High School Diploma, or ACT test. *Id.* According to Agent Mangarella, "as a consequence of the participation agreement between the DOE and Anthem and the false information contained in the files of the aforementioned students which Ms. Wilson was the Admission Representative, Anthem Manhattan students received at least $73,000 in federal aid toward education expenses at Anthem Manhattan." Complaint ¶ 15.

**POINT I**

**THE INDICTMENT MUST BE DISMISSED BECAUSE IT IS IMPERMISSIBLY DUPLICITOUS**

APPLICABLE LAW

The one count Indictment charges Ms. Wilson with violating 20 U.S.C. § 1097(a) by creating false documents and forged documents for students to obtain federal financial aid. Section 1097(a) provides:

> Any person who knowingly and willfully embezzles, misapplies, steals, obtains by fraud, false statement, or forgery, or fails to refund any funds, assets, or property provided or insured under this subchapter and part C of subchapter I of chapter 34 of Title 42 or attempts to so embezzle, misapply, steal, obtain by fraud, false statement or forgery, or fail to refund any funds, assets, or property, shall be fined not more than $20,000 or imprisoned for not more than 5 years, or both, except if the amount so embezzled, misapplied, stolen, obtained by fraud, false statement, or forgery, or failed to be refunded does not exceed $200, then the fine shall not be more than $5,000 and imprisonment shall not exceed one year, or both.

20 U.S.C. § 1097(a). A "failure to refund" is a crime separate and apart from the crime of obtaining funds. See, *United States v. Weaver*, 275 F.3d 1320, 1331(11th Cir. 2001) (holding that "fails to refund" is independent criminal conduct which is criminalized under § 1097(a)).

Federal Rule of Criminal Procedure 8(a) requires that there be "a separate count

3

for each offense." Fed.R.Crim. P. 8(a); see, *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992). An indictment, therefore, is impermissibly duplicitous where it combines two or more distinct crimes into one count and the defendant is prejudiced. Fed. R. Crim.P. 8(a); *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). Duplicity creates a hosts of problems because a general verdict that results from such charging does not reveal what the jurors found and what they did not find. *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980). The Second Circuit explains that "[t]he vice of a duplicitous charge is that it risks to impair 'a defendant's rights to notice of the charge against him, to a unanimous verdict, to appropriate sentencing and to protection against double jeopardy in a subsequent prosecution.'" *United States v.* Margiotta, 646 F.2d 729, 733 (2d Cir. 1981) (*quoting Murray*, 618 F. 2d 896). It also has the potential of prejudicing the defendant with respect to evidentiary rulings because evidence admissible in connection with one offense may be inadmissible on the other.

## DISCUSSION

Count One of the instant indictment states two separate offenses (1) the offense of obtaining and attempting to obtain through false statements, etc., funds, property, or assets (hereinafter collectively "funds") and (2) the offense of failing to refund funds obtained as a result of fraudulent conduct. *See* Newman Aff. Exhibit A.

Therefore, there is no question that the indictment as charged is duplicitous. *See Weaver*, 275 F.3d at 1331.

Compelling Ms. Wilson to trial on this defective indictment invites the very vices the Second Circuit has warned against that result from duplicitous pleading. *See Murray*, 618 F. 2d 896. Moreover, the indictment denies Ms. Wilson due process, notice of the charges against her, and the right to a unanimous verdict, all of which impede her subsequent ability to plead double jeopardy. We add what is obvious, because there is no allegation that she received any funds, an indictment which charges her with failure to refund funds is on its face insufficient as it fails to charge elements of the offense.

**POINT II**
**THE GOVERNMENT SHOULD BE COMPELLED TO PROVIDE RESPONSIVE ANSWERS TO A BILL OF PARTICULARS**

APPLICABLE LAW

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a Bill of Particulars in order to enable him "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for a second time for the same offense." Although the government is not obligated to "particularize all of its evidence," *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), the government must disclose the particulars that are "vital to

5

[defendant's] understanding of the charges pending and to the preparation of a defense and which would have prevented the Government in its attempt to proceed furtively." *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (finding that appellants were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information to the defendants.); *see also United States v. Bin Laden*, 92 F.Supp. 2d 225, 233-35 (S.D.N.Y. 2000) (granting motion for particulars where information sought was not evidentiary detail but necessary specifics about charges against the defendant); *United States v. Nachamie*, 91 F.Supp. 2d 565, 574 (S.D.N.Y. 2000) (granting request for particulars where defendant sought identification of "each and every one of the false and misleading claims which were allegedly submitted and/or filed as part for the conspiracy ....") (internal quotations omitted).

Instructive is *United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991) where the Court explained the purpose of a Bill of Particulars:

> Bills of Particulars, of course, are not evidence in and of themselves. *United States v. Murray,* 297 F.2d 812, 819 (2d Cir.), *cert. denied,* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). Their purpose is to inform a defendant of *charges* with sufficient precision to allow preparation of a defense, to avoid unfair surprise, and to preclude double jeopardy. *See Wong Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927); *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987). A bill of particulars is a statement of what the government will or

6

will not claim in its prosecution. *Murray*, 297 F.2d at 819. *Gaf* at 1260. [Emphasis added].

*Id.; see also United States v. Costen*, 1996 WL 137483 (S.D.N.Y 1996) at *1 ("The issue on a motion for a Bill of Particulars is what the Government intends to prove upon trial in support of its charge") (*quoting United States v. Spur Knitting Mills, Inc.*, 187 F. Supp. 653, 654 (S.D.N.Y. 1960) (Weinfeld, J.). Said another way, the aim of a Bill of Particulars is to clarify the charges. *United States v, Gotti*, 784 F.Supp. 1017, 1019 (S.D.N.Y. 1992)

DISCUSSION

As stated above, this bare bones indictment which tracks the language of the statute fails to put Ms. Wilson on the requisite notice of her offending conduct. *See* Newman Aff. Exhibit A, as it is not clear how the allegation relating to false documents amounts to a violation of the statute. She is left without an ability to prepare for trial or interpose a plea of double jeopardy. Moreover she risks being sandbagged and unfairly surprised at trial. *See* Fed.R.Crim.P. 7(f).

Defense counsel has sought from the government by letter dated March 17, 2011 a bill of particulars as follows:

1. With respect to the allegation that Ms. Wilson **embezzled** funds, property or assets, as to each:
    a. From whom is it alleged that Ms. Wilson **embezzled** funds, property and assets?

7

    b. What acts does the government contend constituted **embezzlement** by Ms. Wilson of funds, property and assets?

    c. Provide the date(s) it is alleged Ms. Wilson **embezzled** funds, property and assets?

    d. When (dates(s)) is it alleged Ms. Wilson asserted control over **embezzled** funds, property and assets?

    2. With respect to the allegation that Ms. Wilson **misapplied** funds, property or assets as to each:

    a. What funds, property and assets does the government allege Ms. Wilson **misapplied**?

    b. How does the government allege Ms. Wilson **misapplied** funds, property and assets?

    c. Provide the date(s) it is alleged Ms. Wilson **misapplied** funds, property and assets?

    d. From whom is it alleged Ms. Wilson obtained the funds, property and assets which she is alleged to have **misapplied** ?

    e. When (date(s)) is it alleged Ms. Wilson asserted dominion and/or control over misapplied funds, property and assets?

    3. With respect to the allegation that Ms. Wilson **stole** funds, property and assets:

    a. What funds, property and assets does the government allege Ms. Wilson **stole**?

    b. What act(s) did Ms. Wilson do which the government contends constituted the **stealing** of funds, property and assets?

    c. Provide the date(s) it is alleged Ms. Wilson did engage in **stealing** funds, property and assets?

    d. From whom is it alleged that Ms. Wilson **stole** funds, property and assets?

    e. When (date(s)) is it alleged Ms. Wilson asserted dominion and/or control over funds, property or assets it is alleged she **stole**?

    f. When (dates(s)) is it alleged Ms. Wilson asserted control over funds it is alleged she stole?

    4. With respect to the allegation that Ms. Wilson **obtained by fraud, false statement(s), and forgery** funds, property and assets:

8

 a. From whom is it alleged Ms. Wilson **obtained by fraud, false statement(s), and forgery** funds, property and assets?
 b. Provide the date(s) it is alleged Ms. Wilson **obtained by fraud, false statement(s), and forgery** funds, property and assets?
 c. When (date(s)) is it alleged Ms. Wilson asserted dominion and/or control over funds, property and assets which she **obtained by fraud, false statement(s), and forgery**?

5. What funds, assets and property did she fail to refund as a result of her alleged fraud?

6. When is it alleged that Ms. Wilson received the funds, assets and property which she failed to refund?

7. If the government is proceeding under an aiding and abetting theory:
 a. Who is the Principal?
 b. What is Ms. Wilson's relationship to the Principal?
 c. What act(s) did Ms. Wilson do that aided and abetted the Principal?

8. With respect to the Principal, provide the particulars as the Principal requested in demands 1-7 above with respective subparts.

In addition, to the above particulars the following particulars are requested:

1. Identify the document(s) in each category as alleged in the indictment:
 a. created by Ms. Wilson;
 b. containing Ms. Wilson false statement(s);
 c. accepted by Ms. Wilson; and
 d. forged by Ms. Wilson .

We respectfully request the Court grant defendant's motion and compel the Government to respond to the particulars sought.

## POINT III
## THE GOVERNMENT SHOULD BE COMPELLED TO TURN OVER TO THE DEFENSE'S RULE 16 REQUESTS AND COMPLY WITH ITS OBLIGATIONS UNDER *BRADY* AND ITS PROGENY.

Pursuant to its obligations under Rule 16 of the Federal Rules of Criminal Procedure, the Government has turned over to the defense, portions of Anthem Manhattan's admission files for the twelve students identified in the Complaint for whom Ms. Wilson was the Admission's Representative.

The defense has asked the government to provide the following pursuant to its Rule 16 obligation:

> 1. For the time period alleged in the Indictment, copies of the complete student files of Anthem Manhattan,(as referred to in the Complaint dated August 13, 2009 or by any name it is known)(hereinafter "Anthem') and its predecessor in interest, whether or not the student enrolled, applied for or received financial aid, in which Ms. Wilson served as the Admission Representative or otherwise counseled or advised the student or prospective student.
>
> 2. As concerning Anthem, any and all student files for the period April 2007 up to and including January 2009, admission and financial aid files, regardless how secured.
>
> 3. Provide all communications in whatever form between Anthem, its employees, its agents, or anyone who held themselves out to act in the interest of Anthem, and its predecessor in interest, and Ms. Wilson.
>
> 4. Provide all communications, in whatever form,

10

such as but not limited to reports, memorandum, letters, emails, text messages, video, photographs, records, transcripts, between Anthem Manhattan, its employees, its agents, anyone who held themselves out as to act in the interest of Anthem, and its predecessor in interest and the government with respect to the subject matter of the instant indictment.

5. Provide a list of all related proceedings, including caption and name and any identifying information, whether civil or criminal, whether pending or closed, which arose from or is related in any manner to the offense charged in the Indictment and alleged in the Complaint .

6. Provide a true and accurate copy of any statements, comments, whether in writing (in any form including text messages, emails, videos) or orally, it is alleged Ms. Wilson made to anyone at any time during the period alleged in the Indictment which relates to the subject matter of the Indictment and the crime charged, whether the statement is exculpatory or inculpatory.

7. Provide any document, book, paper, photograph, record, forensic test or finding, tangible object(s), written or recorded statements of anyone, grand jury transcripts and oral statements of anyone, reports, memoranda, names an addresses of person, or other evidence of information which either tends to exculpate defendant or tends to be favorable or useful to the defense as to either credibility of the evidence to be presented against the defendant, or which will lead to evidence favorable to or exculpatory of Ms. Wilson, which is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government. This includes any statement (in whatever form) which conflicts with the government's theory of the case.

*See* Newman Aff. Exhibit C-Letter to Government.

Turning over the requested documents falls squarely within the government's obligations under Rule 16 which, *inter alia*, obligates the government upon request of the defense to make available to the defendant all statements of the defendant, disclose documents or other tangible objects if: (1) they are material to the preparation of the defense; (2) the government intends to offer them as evidence in its case in chief; or (3) they were obtained from or belong to the defendant. *See* Fed.R.Crim P. 16(a)(1)(E).

Turning over the requested documents also falls within the government's *Brady* obligations. It is long established that "the prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001) (citing *Brady v. Maryland*, 373 U.S. 83, 87(1972)). Such evidence "includes not only evidence that is exculpatory, *i.e.*, going to the heart of the defendant's guilt or innocence, but also evidence that is useful for impeachment, *i.e.*, having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (citing *Giglio v. United States*, 405 U.S. 150 (1972)) and *Napue v. Illinois*, 360 U.S. 264, 269(1959). Further, the fact that evidence may have incriminatory, as well as, exculpatory aspects does not preclude

its treatment as *Brady* material. *See United States v. Rivas*, 377 F.3d 195, 199-200 (2d Cir. 2004). Here, the defense has a good faith basis to believe the documents sought are material to the defense and will tend to exculpate the defendant as well as provide the defense with significant impeachment evidence.

We therefore, request that the Court compel the government to comply with defendant's discovery and *Brady* demands as soon as possible in order to permit the defense to have an opportunity to utilize the evidence to prepare for trial.

**POINT IV**
**THE GOVERNMENT SHOULD BE COMPELLED TO DISCLOSE ITS INTENTION TO OFFER OTHER CRIMES OR CIVIL WRONGS EVIDENCE TO ALLOW SUFFICIENT TIME FOR THE DEFENSE TO INTERPOSE AN OBJECTIONS TO SUCH EVIDENCE.**

The defendant is unaware of any other crimes or civil wrongs which would be admissible at her trial, nonetheless, the defense does not want to be lulled into compliancy. Early pretrial disclosure of such evidence is vital not only for defendant to investigate the evidence, but also so that if this Court deems any such evidence to be admissible, defendant can argue against the evidence in her opening statement. *See United States v. Baum*, 482 F.2d 1325, 1332 (2d Cir. 1973).

We therefore respectfully request the Court grant this request sufficiently in advance of trial to permit defendant to object, if necessary, to its admissibility.

**CONCLUSION**

For the reasons stated herein, the Court should grant the defendant the relief she seeks.

Respectfully submitted,

*Donna R. Newman*

Donna R. Newman
Attorney for defendant, Zomara Wilson
111 Broadway, Suite 1805
New York, New York 10006
(212) 229-1516
Email: donnanewmanlaw@aol.com